JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-09415 RGK (SHx)** | Date | February 28, 2014 |
|---|---|---|---|
| Title | *Sanchez v. Res-Care, Inc. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order re: Plaintiff's Motion to Remand (DE 12)

## I.   FACTUAL BACKGROUND

On November 20, 2013, Leticia Sanchez ("Plaintiff"), a certified nursing assistant, filed a class action against her former employer, Res-Care, Inc. and RSCR California, Inc. ("Defendants") in state court.[1] Plaintiff claims that Defendants violated applicable Industrial Wage Commission Wage Orders, California Business and Professions Code §§ 17200, et seq., and California Labor Code §§ 204 ("Unpaid Wages Claim"); 1194 and 1194.2 ("Minimum Wage Claim"); 510 ("Overtime Claim"); 512 ("Meal and Rest Claim"); 201 and 203 ("Discharge Payment Claim"); 226 ("Inaccurate Paystub Claim"); and 2699 ("PAGA Penalties").

On December 20, 2013, Defendants removed the action to federal court. Defendants' Notice of Removal states that this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA").

Currently before the Court is Plaintiff's Motion to Remand. Because the Court finds that Defendants have failed to satisfy their burden as to the amount in controversy, the Court **GRANTS** Plaintiff's Motion.

---

[1] Plaintiff filed her Original Complaint on October 30, 2013. On November 20, 2013, Plaintiff then filed her First Amended Complaint.

## II. JUDICIAL STANDARD

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is strictly construed against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). Where there is any doubt as to whether removal is proper remand is appropriate. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). The removing party always bears the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The enactment of CAFA does not alter this rule. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[When enacting CAFA] Congress intended to maintain the historical rule that it is the proponent's burden to establish a prima facie case of removal jurisdiction.").

## III. DISCUSSION

Plaintiff argues that Defendants cannot satisfy their burden of showing that the amount in controversy surpasses the $5,000,000 threshold. The Court agrees.

"Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met. Under this burden, the defendant must provide evidence that it is more likely than not that the amount in controversy satisfies the federal diversity jurisdictional amount requirement." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006) (citations and internal quotations omitted).

To establish the amount in controversy, Defendants assert the following amounts: 1) Minimum Wage Claim: $454,409.28; 2) Overtime Claim: $340,806.96; 3) Discharge Payment Claim: $489,402; 4) Inaccurate Paystub Claim: $570,550; 5) Meal and Rest Claim: $2,272,046.40; 6) Attorney's fees at 33% of the foregoing: $1,361,980.70; and 7) PAGA Penalties: $5,705,500.

After reviewing Defendants' calculations, the Court finds that Defendants have made assumptions not reasonably supported by any factual basis. Because the Meal and Rest Claim, PAGA Penalties, and Attorney's Fees comprise the bulk of the amount in controversy, the Court limits its review to those items. As discussed below, the Court finds that, even if the amounts are correct as to all other claims, adjustments to the Meal and Rest Claim, PAGA Penalties, and Attorney's Fees bring the amount in controversy below the requisite $5,000,000 threshold.

### A. Meal and Rest Claim

Plaintiff alleges that "Defendants adopted and maintained uniform policies, practices, and procedures governing the working conditions of, and payment of wages to, to [sic] Plaintiff and the rest of the class." (Pl. First Am. Compl. 15.) With regard to Plaintiff's Meal and Rest Claim, Plaintiff alleges that "Plaintiff and class members did not receive all of their meal periods in a lawful fashion. Furthermore, not all rest periods were given timely, if at all." (Pl. First Am. Compl. 33.)

In determining the amount in controversy for this claim, Defendants assert that a reasonable and conservative estimate is $2,272,046.40 with associated Attorney's Fees of 33 percent, or $749,775.31. To support these figures, Defendants introduce evidence that 458 employees were employed during the four-year class period, and the average hourly wage for employees in similar positions as Plaintiff was $9.54 an hour, although Plaintiff was paid only $9.00 an hour. (Defs.' Decl. 5, 6.) In performing its calculations, however, Defendants assume five missed meal and five missed rest periods per week for fifty-two weeks.

Upon closer inspection, the Court finds no factual basis to support Defendants' assumption. In its defense, Defendants cite to an unpublished district court case, *Jasso v. Money Mart Express, Inc.*, 2012 WL 699465 (N.D. Cal. March 1, 2012). *Jasso*, however, stands only for the proposition that it was reasonable to assume one missed meal and rest period each, per week, given the uniform and systematic scheme alleged by the plaintiff. Here, the Court finds no allegations making Defendants' assumption of five missed meal and five missed rest periods reasonable. In light of Defendants' failure to offer any factual basis as to the actual number of violations, it would be appropriate to find that Defendants failed to satisfy their burden and attribute no amount in controversy to this claim.

Defendants ask this Court to find guidance in *Jasso*. Even if the Court did so, and applied the same one meal and one rest period assumption, the amount in controversy for this claim would be significantly reduced. Specifically, the amount in controversy for the Meal and Rest Claim would be $454,409.28. Assuming the reasonableness of Defendants' 33 percent in Attorney's Fees, the fees associated with this claim would be $149,955.06. The amount in controversy for the Meal and Rest Claim, along with associated Attorney's Fees, would total only $604,364.34, over $2,400,000 less than Defendants' estimate.

    **B.**    **PAGA Penalties**

Defendants calculate $5,705,500 as the aggregate amount of potential PAGA penalties. Defendants argue that this total aggregated amount should be included as part of the amount in controversy. The Court disagrees.

The Court has found no binding law squarely addressing whether PAGA penalties may be aggregated to the total amount in controversy to reach CAFA's amount in controversy requirement. But for the following reasons, the Court holds that such claims may not be aggregated under CAFA, at least not as to penalties due to the state, rather than to individual class members.

The $5,705,500 in potential PAGA penalties are not "claims of individual class members," as required by 28 U.S.C. § 1332(d)(6). If the representative plaintiff prevails in a PAGA claim, the aggrieved employees are statutorily entitled to only 25 percent of the civil penalties, while the remaining 75 percent is paid to the state. *Urbino v. Orkin Servs. of Calif., Inc.*, 726 F.3d 1118, 1121 (9th Cir. 2013). The reasoning of Urbino suggests that the entirety of PAGA penalties do not constitute claims of individual plaintiffs because the "primary benefit" of such penalties "inure[s] to the state." *Id.* at 1123 (holding that PAGA penalties are not included for purposes of 1332(a) amount in controversy requirement). Given that the state is not a "class member" and PAGA penalties are not "claims of individual class members," as required by 28 U.S.C. § 1332(d)(6), it would stand to reason that none of the penalties should be included to meet the $5,000,000 amount in controversy requirement. *See Urbino*, 726 F.3d at 1123 ("The state, as the real party in interest, is not a 'citizen' for diversity purposes").

However, as the Court has previously acknowledged in prior cases, the actual labor code violations are individual claims of the class members. As such, the Court has stated, without making any finding, that including the 25 percent of the penalties (i.e., the amount that inures to the individuals) into the amount in controversy may have legal basis. *See Controulis v. Anheuser-Busch, LLC*, 2013 WL 6482970 (C.D. Cal. November 20, 2013).

Assuming (1) Defendants' method of calculating penalties is correct, and (2) it is appropriate to include 25 percent of that total, the amount in controversy for Plaintiff's PAGA Claim is $1,426,375.

    **C.**    **Total Amount in Controversy**

Based on the foregoing, the amount in controversy related to Plaintiff's Meal and Rest and PAGA Claims total $2,030,739.34. Assuming Defendants' calculations and assumptions as to all other claims are correct, the total amount in controversy is $4,498,113.10.[2] Because this amount does not exceed $5,000,000, the Court finds no subject matter jurisdiction and remands the case to state court.

### IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

:

**Initials of Preparer**

---

[2]($454,409.28 + $340,806.96 + $489,402 + $570,550 + $454,409.28) + (($454,409.28 + $340,806.96 + $489,402 + $570,550 + $454,409.28) x .33) + $1,426,375 = $4,498,113.10